**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Erick GONZALEZ–GAMEZ,**
**Defendant–Appellant.**

**No. 08–50336.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2009.[*]

Filed June 16, 2009.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Aaron B. Clark, Assistant U.S., Office of the U.S. Attorney, San Diego, CA for Plaintiff–Appellee.

Robert L. Swain, Esquire, Law Offices of Robert L. Swain, San Diego, CA, for Defendant–Appellant.

---

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

Before: RAWLINSON, BYBEE, Circuit Judges, and BEISTLINE,** District Judge.

## MEMORANDUM***

Gonzalez–Gamez was interrogated on February 22, 2007, after he attempted to enter the United States through the Calexico, California, port of entry in a vehicle containing 33.76 kilograms of marijuana. During the interrogation, Gonzalez–Gamez made inculpatory statements to agents, admitting that he attempted to smuggle marijuana into the United States for money.

After reviewing the DVD of the interrogation and a psychological report prepared at the request of defense counsel, the district court found that Gonzalez–Gamez made a knowing, intelligent, and voluntary waiver. Subsequently, Gonzalez–Gamez entered a conditional guilty plea to Count 1 of the indictment, reserving the right to appeal the denial of the motion to suppress. Count 2 was dismissed by the government. He was sentenced to three years probation.

We review de novo the district court's decision to admit or suppress statements that may have been obtained in violation of *Miranda*. "Underlying factual findings, including a district court's finding that a defendant knowingly and intelligently waived his *Miranda* rights, are reviewed for clear error." *United States v. Rodriguez–Rodriguez*, 393 F.3d 849, 855 (9th Cir.2005).

■ Considering the totality of the circumstances, this Court concludes that Defendant's waiver was voluntary, knowing and intelligent. Defendant demonstrated

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

that he could both speak and read in English. Although he referred to the written *Miranda* warnings as "paperwork," the Special Agent also indicated that he was going to explain Defendant's "rights" to him. Defendant's rights were read to him individually, and Defendant indicated that he understood each of them by saying "yes." After being advised of his rights and indicating his understanding, he stated "I'll answer the questions." His waiver was voluntary at this point.

▮ Further, the Court holds that Defendant's mental capacity is not so limited as to preclude him from making a knowing and intelligent waiver. Although factually similar, this case is sufficiently distinguishable from *United States v. Garibay*, 143 F.3d 534 (9th Cir.1998). Here, Gonzalez-Gamez demonstrated that he could read English. He had been in the United States since the age of five, and had graduated high school. His rights were individually explained to him, and were presented to him in writing. The Special Agent repeatedly asked if he had any questions. On the video, Gonzalez-Gamez appeared to understand his rights. There did not appear to be a need for a translator, based on Gonzalez-Gamez's apparent fluency in English.

The decision below is **AFFIRMED.**